NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50130 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-01506-WQH-1 |
| v. | |
| ANTHONY NAVARRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 8, 2024
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Anthony Navarro appeals the sentence imposed following his guilty plea to

one count of importing methamphetamine into the United States in violation of 21

U.S.C. §§ 952 and 960. We have jurisdiction under 18 U.S.C § 3742(a). Where the

defendant "did not object below to the sufficiency of the court's explanation for its

sentencing determination, we review only for plain error." *United States v. Ayala-*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Nicanor*, 659 F.3d 744, 746–47 (9th Cir. 2011). Constitutional challenges to a sentence not raised before the district court are also reviewed for plain error. *See, e.g.*, *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (applying plain error review to a due process challenge to a sentence); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (applying plain error review to a Sixth Amendment challenge to a sentence). Because the district court did not err, we affirm.

The district court sufficiently explained its reasons for the sentence it imposed and did not fail to consider Navarro's nonfrivolous arguments for imposing a different sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The court cited the circumstances of Navarro's childhood, his youth, his lack of a criminal record, his employment history, and the letters of support submitted by his family members as reasons for a below-guidelines sentence based on the 18 U.S.C. § 3553(a) factors. It also explicitly addressed both Navarro's argument that the evidence suggested that he was importing drugs at the behest of another, and that "there are equities here that are not always present" in other cases. The district court explained that it could not draw the requested conclusions about Navarro's role from the evidence, and that

2

there were "not as many mitigating factors in this case as there are in most of them." *See id.* at 359 (holding it is unnecessary for the judge to explicitly state that he "heard and considered the evidence and argument" where "context and the record make clear" what "reasoning underlies the judge's conclusion").

Nor did the district court improperly infer that Navarro imported drugs on other occasions. Rather, the court responded to defense counsel's repeated arguments that Navarro should receive a sentence similar to the sentence typically imposed on a defendant who qualified for the minor role adjustment under USSG § 3B1.2(b) and the safety valve reduction under 18 U.S.C. § 3553(f)(5), even though Navarro exercised his right not to avail himself of either. For example, in the context of explaining why there were not as many mitigating factors in Navarro's case as there typically are in cases where a minor role reduction is granted, the court stated that the primary factors to consider are: "what did the person do, how many times did they do it, how much planning was involved, what would they receive financially, how much time did they have to reflect on it?" Reading these statements in context, it is clear that the court was merely explaining that there was insufficient evidence to establish that Navarro played a minor role. The court did not, as Navarro asserts on appeal, impermissibly find that Navarro imported drugs multiple times or rely on unfounded assumptions about his criminal background. *Cf. United States v. Safirstein*, 827 F.2d 1380, 1386 (9th Cir 1987).

Finally, the district court did not violate Navarro's Fifth Amendment privilege against self-incrimination. Counsel informed the court that she had extensive conversations with Navarro regarding the safety valve and minor role reductions. And after the district court explained that, by not trying to qualify for those reductions, Navarro was guaranteeing that his sentence would be longer than if he had qualified for them, counsel expressed appreciation for the court's comments and suggested that it would be helpful if the court spoke to Navarro directly about his decision not to disclose the information needed to qualify for the reductions. In doing so, the court explained to Navarro, "You are not being punished for electing not to tell the government everything you know, but you are not getting the benefit." This is therefore not a case where the district court held defendant's "silence against [him] in determining the facts of the offense at the sentencing hearing." *Mitchell v. United States*, 526 U.S. 314, 330 (1999).

**AFFIRMED.**